IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE LAMONT ANDREWS ) | |
| ) | Civil Action No. 7:23cv00212 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAMPBELL COUNTY ) | |
| COMMONWEALTH ) | By:   Hon. Thomas T. Cullen |
| ATTORNEY'S OFFICE, ) | United States District Judge |
| ) | |
| Defendant. ) | |

Plaintiff Andre Lamont Andrews, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 against the Commonwealth's Attorney's Office that prosecuted criminal charges against him. Andrews seeks leave to proceed *in forma pauperis* with this action. Having reviewed Andrews' request and complaint, the court grants his request to proceed *in forma pauperis* but concludes that he fails to state a cognizable federal claim against the sole named defendant. Therefore, the court will dismiss Andrews' complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Andrews alleges that after he was pulled over by an Altavista, Virginia police officer on December 25, 2017, and charged with two misdemeanor offenses for driving with a license that was previously revoked for an alcohol-related offense, *see* Va. Code Ann. § 18.2-272, and illegally using license plates that were registered to a different vehicle, *id.* § 46.2-613(4). On July 10, 2018, the court granted the prosecutor's motion for *nolle prosequi* as to those charges. On August 17, 2018, Andrews was charged with, and later convicted of, the felony offense of

driving after his license had been revoked for multiple driving while intoxicated convictions, *see id.* § 46.2-391(D)(3), and the misdemeanor offense of failing or refusing to surrender his suspended, cancelled, or revoked license plate, registration, or title, *id.* § 46.2-613(4).

Andrews argues that he should not have been charged with or convicted of the felony offense because he did not have the requisite underlying convictions to support it. Andrews states that he brings this action against the Commonwealth's Attorney's Office "for wrongfully imprisoning and convicting [him] for a felony driving charge." (ECF No. 1-1 at 2.) But Andrews does not specify the relief he seeks.

## II.

"When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see generally Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). To the extent Andrews challenges the validity of his conviction and seeks immediate or earlier release, his claim is not cognizable under § 1983.

## III.

Section 1983 creates a private cause of action against any "person" who, acting under color of law, violates the Constitutional rights of another. 42 U.S.C. § 1983. The statute, however, "is not itself a source of substantive rights"; rather, it merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). And importantly, the statute only applies to "persons" as that term is defined in the statute

and relevant case law. *See, e.g.*, *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 (1978) (holding that "municipalities and other local government units" are "included among those persons to whom § 1983 applies"). Clearly, then, Andrews's claim against the "Campbell County Commonwealth Attorney's Office" cannot proceed under § 1983 because the Commonwealth Attorney's Office "is not a person as defined by . . . § 1983," *Olivia v. Boyer*, No. 98-1696, 1998 WL 637405, at *1 (4th Cir. Sept. 11, 1998), and therefore is "not amenable to suit," *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014).

Insofar as Andrews's claim against the "Campbell County Commonwealth Attorney's Office" is against the prosecutor who secured his conviction, Andrews's claim also fails because the prosecutor is entitled to absolute immunity. A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial functions. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). A prosecutor has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009). For example, when a prosecutor takes steps to initiate judicial proceedings or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial motions hearings, absolute immunity applies. *Id.* at 343; *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("When a prosecutor is functioning as an advocate for the State, it is clear that his or her actions are 'intimately associated with the judicial phase of the criminal process' and thus protected by absolute immunity.")

In deciding whether an action meets that standard, the court applies a "functional approach," looking to "'the nature of the function performed,' without regard to 'the identity of the actor who performed it.'" *Nero v. Mosby,* 890 F.3d 106, 118 (4th Cir. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). The focus is on the "conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley*, 509 U.S. at 271.

In this case, Andrews complains solely of the prosecutor's conduct as an advocate of the Commonwealth during Andrews' criminal prosecution. Accordingly, the prosecutor is entitled to absolute immunity in this case.

**IV.**

For the reasons discussed, the court will dismiss Andrews' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Andrew.

**ENTERED** this 26th day of July, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE